UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE F.,[1]

                                   Plaintiff,          Case # 23-CV-00051-FPG

v.                                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

## INTRODUCTION

On April 18, 2016, Michelle F. ("Plaintiff") protectively applied for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act (the "Act"). Tr.[2] 12. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Mary Mattimore ("ALJ Mattimore") on August 10, 2018. *Id*. At the hearing, Plaintiff appeared and testified, along with her attorney and a vocational expert. *Id*. On September 14, 2018, ALJ Mattimore issued an unfavorable decision. Tr. 23. On August 22, 2019, the Appeals Council denied review, and Plaintiff appealed. Tr. 1. On March 10, 2021, Plaintiff's case was remanded to the SSA by the Honorable Mark W. Pedersen, United States District Court for the Western District of New York. Tr. 1058. On July 17, 2021, the Appeals Council vacated ALJ Mattimore's prior decision and issued instructions to be followed during the evaluation of Plaintiff's claim on remand, which included that the ALJ shall offer claimant the opportunity for a new hearing, take any further action needed to complete the administrative record, and issue a new decision. Tr. 935.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 8, 9.

On September 22, 2022, after another hearing before Administrative Law Judge William Weir ("ALJ Weir" or "ALJ"), ALJ Weir issued a second unfavorable decision, which became the final decision of the SSA. Tr. 935. Plaintiff appealed to this Court on January 20, 2023. ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the SSA for further administrative proceedings consistent with this opinion.

## LEGAL STANDARD

**I.    District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would *have to conclude otherwise.*'" *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quoting *Brault v. Soc. Sec. Admin.,*

*Com'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis added in *Brault*)).

## II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.     ALJ Weir's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 4, 2015, the alleged onset date.  Tr. 937.  At step two, the ALJ found that Plaintiff has the following severe impairments through the date last insured: "degenerative disc disease, asthma, carpal tunnel syndrome, and status post-surgery."  Tr. 938; *see also* 20 CFR 404.1520(c) and 416.920(c).  At

step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  Tr. 941.

Next, the ALJ determined that Plaintiff maintained the RFC to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with specific exertional limitations, Tr. 942, namely that Plaintiff can "lift and carry twenty pounds occasionally and ten pounds frequently; sit for one-hour at a time for a total of six hours in an eight-hour workday; stand for one hour at a time for a total of three hours in an eight-hour workday; and walk for one hour at a time for a total of three hours in an eight-hour workday. She can occasionally reach above shoulder level (overhead) bilaterally and frequently reach below shoulder level (to the sides and normal anatomical planes); frequently handle, finger, and feel bilaterally; occasionally push and pull as much as she can lift and carry; and frequently operate foot controls. She can occasionally climb ramps and stairs; never climb ladders or scaffolds; She can occasionally balance and stoop. She can never kneel, crouch, or crawl. She cannot work at unprotected heights and around dangerous machinery tools or chemicals. She can occasionally operate a motor vehicle. She could occasionally work in environments of extreme humidity, wetness, heat and cold. and can have no exposure to dusts, odors, fumes, and pulmonary irritants. She can have occasionally be exposed to heavy vibratory machinery."  Tr. 942.

At step four, the ALJ concluded that Plaintiff was capable of performing past relevant work as an "advertising clerk."  Tr. 948.  As such, the ALJ found that Plaintiff was not disabled from October 4, 2015, through the date of the ALJ's decision.  Tr. 949.

**II.    Analysis**

Plaintiff argues that the ALJ (i) erred by finding Plaintiff's mental health impairments non-severe because the "rule of mandate" or "law of the case" limited the scope of remand and required

4

him to find that they were severe, as ALJ Mattimore permissibly determined in a prior decision, and (ii) failed to investigate and resolve an alleged conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT").  ECF No. 13-1 at 25, 32.  The Commissioner contends that the ALJ (i) was not bound any "rule of mandate" and permissibly found Plaintiff's mental health impairments to be non-severe, and (ii) did not fail to investigate and resolve the alleged conflict.  *See* ECF No. 14-1 at 12, 21.  For the reasons below, the Court agrees that remand is required under Plaintiff's first argument.  Because the Court concludes that remand is required under Plaintiff's first argument, the Court does not address Plaintiff's remaining arguments.

### A.  Rule of Mandate

Plaintiff first argues that the ALJ failed to follow the "rule of mandate" or "law of the case" by finding Plaintiff's mental impairments non-severe, unlike ALJ Mattimore, who had determined that the impairments were severe in her initial denial of Plaintiff's claim.  ECF No. 13-1 at 25.  Because the district court implicitly limited the scope of Plaintiff's claim on remand to consideration of Plaintiff's physical RFC, as will be explained below, the Court agrees with Plaintiff.

Plaintiff argues that the "rule of mandate" or "law of the case" bound the ALJ to find that Plaintiff's mental impairments were severe and address only Plaintiff's physical RFC on remand, in accordance with the district court's remand order.  "[T]he law of the case doctrine 'ordinarily forecloses relitigation of issues expressly or impliedly decided by [an] appellate court.'"  *Marvin v. Colvin*, No. 15-CV-74, 2016 WL 2968051, at *3 (N.D.N.Y. May 20, 2016) (second alteration in original) (quoting *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013)).  Relitigation is impermissible "absent 'cogent' and 'compelling' reasons such as 'an

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id*. (footnote omitted) (quoting *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)).  Courts within the Second Circuit have concluded that the doctrine applies to Social Security appeals.  *Gladle v. Astrue*, No. 12-CV-284, 2013 WL 4543147, at *3-4 (N.D.N.Y. Aug. 27, 2013) (citing *Calderon v. Astrue*, 683 F. Supp. 2d 273, 276 (E.D.N.Y. 2010)).  Further, courts have relied on the doctrine to limit an ALJ's opportunity to reexamine prior RFC determinations upon remand.  *See Calderon*, 683 F. Supp. 2d at 277; *see also Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1223 n.17 (C.D. Cal. 2005) ("[T]he Court finds that the ALJ's reassessment of Plaintiff's residual functional capacity in his third decision violated the doctrine of the law of the case and the rule of mandate … .").

On the other hand, the SSA's regulations provide that, upon remand, "[a]ny issues relating to [a] claim may be considered by the administrative law judge." 20 C.F.R. §§ 404.983, 416.1483. Accordingly, "[t]he Commissioner is permitted to take any action on remand that is not inconsistent with the Court's remand order." *Pronti v. Barnhart*, 441 F. Supp. 2d 466, 473 (W.D.N.Y. 2006) (citing *Sullivan v. Hudson*, 490 U.S. 877, 886-87 (1989)).  Courts resolve the apparent conflict between the regulations and the law of the case doctrine by permitting the Commissioner to revisit any issues so long as the court has not remanded the case with specific instructions or made findings of fact.  *See Thompson v. Astrue*, 583 F. Supp. 2d 472, 474-75 (S.D.N.Y. 2008) (collecting cases).  The court in *Thompson*, however, recognized that a court may implicitly limit the scope of a remand.  *Id*. at 475 (collecting cases). Accordingly, the question is whether the ALJ's inquiry on remand was either explicitly or implicitly limited by the district court's earlier decision.

Here, the district court found that ALJ Mattimore's "mental residual functional capacity determination [was] supported by substantial evidence in the record." Tr. 1060-61. Specifically, the district court stated that the ALJ's determination that Plaintiff had mental limitations that were more restrictive than two medical sources opined was permissible and "not reversible error." Tr. 106. Then, after a discussion of Plaintiff's physical RFC, the district court "reverse[d] the Commissioner's decision only on [the] point of the physical RFC" and "remand[ed] the case pursuant to the fourth sentence of 405(g) in Title 42 U.S. Code […]." Tr. 1062. After the remand, the Appeals Council vacated ALJ Mattimore's decision and returned the matter to a new ALJ "for further proceedings *consistent with the order of the court*." Tr. 1068 (emphasis added). The Appeals Council next stated: "[i]n compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." *Id*.

Neither the district court nor the Appeals Council expressly precluded the new ALJ from revisiting Plaintiff's mental RFC or explicitly limited the scope of remand as such, but the district court's order strongly suggests that the district court intended to limit the scope of remand to Plaintiff's physical RFC only. As discussed, the district court reversed and remanded ALJ Mattimore's decision "*only* on [the] point of the physical RFC" and found no reversible error in ALJ Mattimore's mental RFC findings. Tr. 1062 (emphasis added). The district court cited "specific problems" in ALJ Mattimore's analysis that related to Plaintiff's physical limitations, but ALJ Mattimore's mental RFC determination was left untouched. *Parvon v. Comm'r of Soc. Sec.*, No. 18-CV-226-FPG, 2020 WL 1131220, at *5 (W.D.N.Y. Mar. 9, 2020). The Appeals Council specifically stated that the scope of proceedings on remand must be "consistent with the order of the court[,]" which, as discussed, stated that the "only" basis for reversal and remand was ALJ

7

Mattimore's physical RFC determination.  Tr. 1068.  Accordingly, this Court concludes that the district court "implicitly limit[ed] the scope of a remand" to Plaintiff's physical RFC, and ALJ Weir's reconsideration of Plaintiff's mental RFC was an error. *Thompson*, 583 F. Supp. 2d at 474-75.  As the Second Circuit has recognized, "where the mandate limits the issues open for consideration on remand," a court "ordinarily may not deviate from the specific dictates or spirit of the mandate by considering additional issues on remand."  *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014) (citing *Riley v. MEBA Pension Trust*, 586 F.2d 968, 970-71 (2d Cir. 1978)).

In addition, this Court has recognized a "strong fairness justification" for applying the law of the case in a context such as this.  *Parvon*, 2020 WL 1131220, at *5.  Here, ALJ Weir departed from ALJ Mattimore's mental RFC determination in a manner that made it "substantially more difficult" for Plaintiff to prove disability.  *Id*.  Such a departure "suggests an improper attempt to justify, by whatever means necessary, a preordained conclusion that [Plaintiff] was not disabled."  *Calderon*, 683 F. Supp. 2d at 278; *see also Clarke v. Bowen*, 843 F.2d 271, 276 (8th Cir. 1988) (Larson, J., dissenting) (arguing that "it is fundamentally unjust for the Secretary to 'reshuffle the cards' … once [claimant] was 'dealt a winning hand.'").  Other courts have applied the law of the case doctrine to prohibit similar departures. *See Davis v. Sec'y of Health & Human Servs.*, 634 F. Supp. 174, 178 (E.D. Mich. 1986) (holding that ALJ's shift in RFC on remand from light to medium work was improper because the court's initial decision, remanding to assess other potential limitations, implicitly affirmed the ALJ's initial RFC determination); *Almarez v. Astrue*, No. 09-CV-140, 2010 WL 3894646, at *5-6 (C.D. Cal. Sept. 30, 2010) (finding that, where district court remanded for ALJ to consider medical opinions related to specific, additional RFC limitations, ALJ was barred by the law of the case from revisiting other, unrelated RFC limitations

8

previously identified); *Meyerhoff v. Colvin*, No. 12-CV-3046, 2013 WL 3283696, at *18 (N.D. Iowa June 28, 2013) (same); *Allen v. Astrue*, No. 09-CV-7239, 2010 WL 4825925, at *8 (C.D. Cal. Nov. 2, 2010) ("[T]he stipulation for remand contemplated only a reconsideration of non-exertional limitations; the door on Plaintiff's physical limitations was closed. Thus, the ALJ's decision to reexamine Plaintiff's physical RFC and later find, despite prior decisions, that Plaintiff has a greater exertional capacity is irreconcilable with the stipulation for remand and the Appeals Council's order.").

Accordingly, ALJ Weir was bound by ALJ Mattimore's mental RFC determination, absent cogent and compelling reasons for a departure. *See Marvin*, 2016 WL 2968051, at *3.  Here, ALJ Weir examined substantially the same medical opinions and record evidence that were available to ALJ Mattimore, and did not evaluate ALJ Mattimore's assessment of such evidence nor provide cogent or compelling reasons for his departure from that assessment. *See* Tr. 940. Remand is therefore necessary for the Commissioner to determine if cogent or compelling reasons to depart from ALJ Mattimore's determination exist. *See Parvon*, 2020 WL 1131220, at *6. Because remand is warranted on this basis, the Court does not address Plaintiff's remaining arguments regarding whether ALJ Weir considered Plaintiff's purportedly non-severe mental impairments when formulating Plaintiff's mental RFC.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 13, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is DENIED, and this matter is REMANDED to the SSA for further administrative proceedings consistent with this opinion.  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 23, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York